# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 15-0058 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| KEVIN HONEYCUTT | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM RULING

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence, [doc # 222], filed by Defendant Kevin Honeycutt on October 12, 2018, under 28 U.S.C. § 2255. The United States opposes the Motion. [doc. # 231]. For reasons stated below, the motion is denied.

## Background

On approximately March 26, 2015, a federal grand jury returned a three-count indictment charging Defendant with conspiring to possess and distribute methamphetamine, possessing methamphetamine with the intent to distribute, and possessing a firearm after "having previously been convicted of" a felony. [doc. # 1].

On June 30, 2015, Defendant filed a motion to suppress, seeking (in part) to suppress, under Louisiana law, two warrants issued by a state court judge pertaining to his co-defendant's vehicle and cellular telephone. [doc. # 49]. Citing several United States Supreme Court cases, Defendant, through counsel, recognized the possibility that he lacked standing to suppress the evidence. [doc. # 49-1].

On September 1, 2015, United States District Judge Robert G. James conducted a hearing on Defendant's motion to suppress. [doc. # 186]. The District Judge opined, preliminarily, that Defendant lacked standing to contest the searches. *Id.* Defendant's counsel objected to preserve

the argument that Louisiana law applied and mandated suppression. *Id.* at 2-3. On September 14, 2015, Magistrate Judge Karen L. Hayes recommended denying the motion, reasoning that Defendant did not enjoy standing to contest the searches. [doc. # 77, pp. 6-9].

Defendant, through counsel, objected to the recommendation, essentially reiterating the arguments he offered in his initial motion and memorandum in support. [doc. # 80]. On October 6, 2015, the District Judge adopted the Magistrate Judge's recommendation and denied Defendant's motion to suppress. [doc. # 85].

Trial commenced on December 1, 2015. [doc. # 133]. On December 3, 2015, the jury found Defendant guilty on all counts. [doc. # 145]. On March 1, 2016, the District Judge sentenced Defendant to 151 months of imprisonment on two counts and 120 months of concurrent imprisonment on the third count. [doc. # 173].

In February 2017, Defendant, proceeding pro se, appealed his conviction. [doc. # 231-2]. He did not, however, appeal the ruling relating to his lack of standing. *Id.* On September 22, 2017, the United States Court of Appeals for the Fifth Circuit affirmed the District Court's judgments. [doc. # 213].

Defendant filed the instant motion on October 12, 2018, claiming that his trial counsel rendered ineffective assistance by erroneously advising him that the warrants pertaining to his co-defendant's vehicle and cellular telephone were defective, that he enjoyed standing to contest the warrants, that he should reject a plea offer, and that he should proceed to trial because, if convicted, the appellate court would reverse on grounds that he enjoyed standing to contest the warrants. [doc. #s 222; 222-1]. Defendant argues that, "[a]bsent counsel's misadvice, there is a reasonable probability that [he] would have accepted a plea offer or simply plead [sic] guilty."

2

[doc. # 222-1, p. 18]. In response, the United States essentially contends that trial counsel advised Defendant that he did not enjoy standing and would not prevail on appeal. [doc. # 231]. The United States also argues that Defendant did not suffer any prejudice. *Id.*

## **Law and Analysis**

Review under Section 2255 is limited to four grounds: whether (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

### **I. Ineffective Assistance of Counsel**

A Section 2255 motion is an acceptable vehicle through which to raise initial claims of ineffective assistance of trial or appellate counsel. *Massaro v. U.S.*, 538 U.S. 500, 503-04 (2003). To prevail on an ineffective assistance of counsel claim, a defendant must show that her counsel's actions fell below an objective standard of reasonableness and that the ineffectiveness of counsel prejudiced her. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). If the defendant does not make a sufficient showing as to one prong of the test, the other prong need not be considered. *Tucker v. Johnson*, 115 F.3d 276, 281 (5th Cir. 1997). The prongs of the test need not be analyzed in any particular order. *Goodwin v. Johnson*, 132 F.3d 162, 172 n.6 (5th Cir. 1997).

In applying the first prong of *Strickland*, courts presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. See *Strickland*, 466 U.S. at 689-90. The defendant must show that the performance of counsel fell "outside the wide range of professionally competent assistance." *Id.* at 690; *Ward v.*

*Whitley*, 21 F.3d 1355, 1361 (5th Cir. 1994). "Judicial scrutiny of counsel's performance must be highly deferential[,]" and courts must make "every effort be made to eliminate the distorting effects of hindsight . . . ." *Strickland*, 466 U.S. at 689.

To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The defendant must demonstrate that the attorney's actions "were so serious as to render the proceedings unreliable and fundamentally unfair." *U.S. v. Saenz–Forero*, 27 F.3d 1016, 1019 (5th Cir. 1994). Unreliability and unfairness do not result "if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitled him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). Accordingly, counsel cannot be ineffective for failing to raise a meritless claim, *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995), and prejudice generally exists only if the defendant demonstrates that she would have received less jail time. *U.S. v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004).

Here, to reiterate, Defendant argues that his trial counsel erroneously advised him that the warrants pertaining to his co-defendant's vehicle and cellular telephone were defective, that he enjoyed standing to contest the warrants, that he should reject a plea offer, and that he should proceed to trial because, if convicted, the appellate court would reverse on grounds that he enjoyed standing to contest the warrants. [doc. #s 222; 222-1]. Defendant writes:

> Counsel provided [Defendant] with an objectively unreasonable assessment of the strength of his Fourth Amendment claims related to the evidence obtained as a result of the search and seizure of another's vehicle. Despite controlling precedent to the contrary, former counsel assured [Defendant] that were he to be convicted, he would prevail on appeal of this Honorable Court's denial of suppression. In sum, counsel

4

> failed to provide [Defendant] with the information he needed to make an informed decision whether to accept the Government's plea offer . . . .

[doc. # 222-1, p. 2]. Defendant adds that counsel either failed to research and uncover controlling precedent or lacked an "understanding of the law governing a critical suppression issue." *Id.* at 10-11, 17.

Pertinent here, "[i]t is well established that a criminal defendant's right to effective assistance of counsel under the Sixth Amendment extends not just to trial or sentencing but to 'the negotiation of a plea bargain,' as it 'is a critical phase of litigation for the purposes of the Sixth Amendment right to effective assistance of counsel.'" *U.S. v. Scribner*, 832 F.3d 252, 257-58 (5th Cir. 2016) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010)). "One of the most important duties of an attorney representing a criminal defendant is advising the defendant about whether he should plead guilty." *U.S. v. Herrera*, 412 F.3d 577, 580 (5th Cir. 2005). "As such, '[w]hen considering whether to plead guilty or proceed to trial, a defendant should be aware of the relevant circumstances and the likely consequences of his decision so that he can make an intelligent choice.'" *Id.* (quoting *U.S. v. Rivas-Lopez*, 678 F.3d 353, 356-57 (5th Cir. 2012)).

To competently advise a defendant, counsel must "provide the client an understanding of the law . . . ." *U.S. v. Shepherd*, 880 F.3d 734, 742-43 (5th Cir. 2018). Adequate representation includes conducting relevant legal research. *Id.* "An attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under *Strickland*." *Hinton v. Alabama*, 571 U.S. 263, 274 (2014).

To demonstrate prejudice, in the context presented here, a defendant must show: "but for

the ineffective advice of counsel there is a reasonable probability [(1)] that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), [(2)] that the court would have accepted its terms, and [(3)] that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Id.* (quoting *Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012)).

Here, the United States essentially argues, and trial counsel declares, that trial counsel simply did not render the advice that Defendant claims he rendered. [doc. # 231-1, p. 6]. Counsel declares that, prior to filing the motion to suppress, he explained to Defendant that "he believed [Defendant] lacked standing to challenge" the searches. [doc. # 231-1, p. 1]. Defendant, in fact, confirmed that counsel rendered this advice: he wrote to counsel and acknowledged that, on June 29, 2015, counsel advised him that *Rakas v. Illinois* posed a problem for his "exclusionary rule argument."[1] [doc. # 231-1, p. 8]. Defendant nevertheless urged counsel to continue researching the issue. *Id.*

On June 30, 2015, counsel moved to suppress the fruits of the two warrants but, according to counsel, only because Defendant insisted that he do so. *Id.* at 2, 8. In fact, counsel highlighted in the motion that Defendant possibly lacked standing to suppress the evidence. [doc. # 49-1, p. 6].

Thereafter, counsel presented the Government's plea offer to Defendant. [doc. #s 231-1,

---

[1] In *Rakas v. Illinois*, 439 U.S. 128 (1978), the Supreme Court held that petitioners, who asserted neither a property nor a possessory interest in either the searched automobile or the seized property, and who failed to show that they had any legitimate expectation of privacy in the glove compartment or area under the seat of the vehicle in which they were passengers, lacked standing to challenge the searches.

p. 2; 222-2, p. 2]. Defendant declined the offer and insisted that counsel pursue the motion to suppress. [doc. #s 231-1, pp. 3, 13].

As noted, on September 1, 2015, the District Judge opined in a hearing that Defendant lacked standing to contest the searches: "There is Supreme Court law that specifically says that motions to suppress are evaluated only by federal law. And federal law does not allow . . . someone who is not actually the owner or has some kind of property interest in the property that's searched to benefit from a violation of someone else's rights." [doc. # 186, p. 2]. On September 14, 2015, the Magistrate Judge recommended denying the motion, reasoning that Defendant did not enjoy standing and adding that, even if he did, excluding evidence located in the co-defendant's vehicle was not warranted because the agents had probable cause and thus did not require a warrant to search the vehicle. [doc. # 77, pp. 6-9, 11-14]. On October 6, 2015, the District Judge adopted the Magistrate Judge's recommendation and denied Defendant's motion to suppress. [doc. # 85].

Here, counsel declares: "[e]ven after the Court denied our motion to suppress, AUSA Campbell was willing to accept a plea with cooperation. I presented this offer to [Defendant], but he was not interested in it." [doc. #s 231-1, pp. 3, 14]. Counsel declares further, and provides evidence supporting, that:

> A couple of weeks later, I met with [Defendant] and we discussed a letter that I had received from AUSA Campbell.[2] I had previously reached out to Campbell at [Defendant's] instruction to find out about a plea offer.[3] According to AUSA Campbell's letter, [Defendant] had to provide a proffer before the government would

---

[2] [doc. # 231-1, pp. 15-18].

[3] *Id.* at 18.

7

reassess its plea offer.[4] [Defendant] responded that he was 'not going to [plead guilty] under any circumstance.'[5] [Defendant], ignoring the physical evidence, was convinced that 'if no one talks they all go home.'[6]

Because [Defendant] was not interested in negotiating a plea, I tried to discuss the upcoming trial with him.[7] Our conversation 'devolved as they always [did] to a discussion of the failed motion to suppress . . . .'[8] [Defendant] was fixated on this motion and was convinced, contrary to what I had been telling him, that he would prevail on appeal.[9]

. . . .

In his affidavit, [Defendant] claims that I told him that '[he] was being 'railroaded,' that [I] felt the warrants were defective and that if [he] was convicted at trial [he] would win on appeal.'[10] That is not true and, as evidenced by the attached correspondence and contemporaneous notes, [Defendant] was the one focused on the warrants and the motion to suppress while I tried to provide him with a realistic assessment of the government's case and his chance of success at trial. . . . I did not assure him that he would win the suppression issue on appeal. I had pointed out to him in correspondence of November 1, 2015, that due to binding precedent, 'there is simply no remaining basis upon which to suppress the evidence seized in this case.'[11]

*Id.* at 4-5 (internal footnotes altered for clarity).

Defendant proceeded to trial and, on December 3, 2015, the jury found him guilty on all counts. [doc. # 145]. Defendant, proceeding pro se, appealed, but he did not appeal the ruling

---

[4] *Id.* at 15.

[5] *Id.*

[6] *Id.* at 18.

[7] *Id.* at 16.

[8] *Id.*

[9] *Id.*

[10] *Id.* at 19.

[11] *Id.* at 22.

relating to his lack of standing. [doc. # 231-2]. The United States Court of Appeals for the Fifth Circuit affirmed on September 22, 2017. [doc. # 213].

In the instant motion, Defendant declares, under penalty of perjury: "Former counsel advised me that I was being 'railroaded,' that he felt the warrants were defective and that if I was convicted at trial I would win on appeal." [doc. # 222-2, p. 2]. Defendant does not, however, declare *when* counsel rendered this advice. For example, he does not indicate whether counsel rendered this advice only before the District Judge and the Magistrate Judge soundly rejected counsel's alleged theory, whether counsel altered his advice at some point, or whether counsel rendered this advice through the entire proceeding.

The Court, after careful consideration, finds that the record plainly refutes Defendant's allegations and demonstrates that counsel did *not* advise Defendant that he enjoyed standing, that he should reject a plea offer, and that he should proceed to trial only because he would prevail on appeal.

Before recounting, below, the surfeit of evidence against Defendant's position, the Court first highlights two persuasive circumstances. First, it is highly unlikely that counsel would continue to advise Defendant that he enjoyed standing after the District Judge and Magistrate Judge explicitly ruled otherwise.[12] Second, Defendant, who represented himself on appeal, did not appeal the District Judge's ruling with respect to his lack of standing. This suggests, as the United States writes, that "[i]f [counsel] had really assured [Defendant] that he would prevail on

---

[12] The Court is cognizant of the irony in rejecting a claim as improbable precisely because the movant alleges conduct that is inconsistent with the normal practice of experienced attorneys. See *U.S. v. Reed*, 719 F.3d 369, 374 (5th Cir. 2013). The Court, nevertheless, does find the circumstance persuasive.

9

this issue on appeal, [Defendant] would have raised it before the Fifth Circuit."[13] [doc. # 231, p. 12]. In other words, Defendant's conduct is inconsistent with his allegations.

What is dispositive, however, is that Defendant offers no evidence to dispute the United States' evidence that: (1) counsel only moved to suppress the evidence because Defendant adamantly instructed him to; (2) Defendant confirmed in a letter that counsel advised him that a Supreme Court case posed a problem for his suppression argument; (3) Defendant urged counsel to continue to research the suppression argument even after counsel advised him that the argument was unlikely to succeed; (4) Defendant declined a plea offer and insisted that counsel pursue the motion to suppress; (5) despite counsel's efforts to discuss the trial, Defendant remained fixated on the motion to suppress and was convinced that he would prevail on appeal; and (6) counsel advised Defendant, in a letter dated November 1, 2015, that, due to binding precedent, Defendant lacked standing to suppress the evidence. [See doc. # 231-1, pp. 8-24].

While it is plausible that, *prior* to the District Judge and the Magistrate Judge ruling otherwise, counsel advised Defendant that he had standing to suppress the evidence in question, this alone does not reflect ineffective assistance.[14] More important, the evidence confirms that, *after* the District Judge and the Magistrate Judge opined that Defendant lacked standing, counsel did not advise him that he enjoyed standing. Equally important, the evidence confirms that

---

[13] Defendant argues that his "failure to appeal the denial of his motion to suppress . . . could be considered evidence that [Defendant] may [not] have been the driving force behind the defense's preoccupation with suppression, or that once former trial counsel—the fount of misadvice concerning suppression—was removed, [Defendant] realized the futility of the undertaking." [ doc. # 245, p. 3]. The evidence, however, reflects that Defendant, rather than counsel, was preoccupied with suppression.

[14] Again, Defendant's evidence (i.e. his declaration) does not specify when counsel rendered the alleged erroneous advice.

counsel did not advise Defendant that he should reject a plea offer or that he should proceed to trial only to perfect an appeal.

The Court finds it undisputed that counsel did not render the advice that Defendant claims he rendered; accordingly, counsel did not render ineffective assistance and the Court need not determine whether Defendant suffered any prejudice.

**II. Evidentiary Hearing**

The Fifth Circuit has amassed a potpourri of criteria for district courts to consider when deciding whether to grant a hearing. For instance, an evidentiary hearing is unnecessary if the defendant's claims are "either contrary to law or plainly refuted by the record." *U.S. v. Green*, 882 F.2d 999, 1008 (5th Cir. 1989). Likewise, no hearing is necessary if "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *U.S. v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

Similarly, "[a] § 2255 motion requires an evidentiary hearing unless either (1) the movant's claims are clearly frivolous or based upon unsupported generalizations, or (2) the movant would not be entitled to relief as a matter of law, even if his factual assertions were true." *U.S. v. Harrison*, 2018 WL 6565425, at *2 (5th Cir. Dec. 13, 2018). "Conclusory allegations, unsubstantiated by evidence, do not support the request for an evidentiary hearing." *U.S. v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (internal quotation marks and quoted source omitted). "A defendant is entitled to an evidentiary hearing on his § 2255 motion only if he presents independent indicia of the likely merit of [his] allegations."[15] *Id.* "This requirement must be

---

[15] "[I]ndependent indicia of the likely merit of [a movant's] allegations [is] typically in the form of one of more affidavits from reliable third parties . . . ." *U.S. v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

understood practically, in the context of the claim being presented." *Id.*

"A hearing is also unnecessary when the petitioner's allegations are 'inconsistent with his conduct' . . . ." *U.S. v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990) (quoting *Davis v. Butler*, 825 F.2d 892, 894 (5th Cir. 1987)). Finally, a hearing is not necessary if "the record is clearly adequate to dispose fairly of the allegations . . . ." *Smith*, 915 F.2d at 964.

Here, Defendant argues that his claim "turns on the credibility of the factual allegations set forth in the parties' dueling declarations." [doc. # 245, p. 2]. As set forth above, however, the United States presents more than a single declaration, and Defendant does not dispute the overwhelming majority of the additional evidence.[16] Defendant presents little independent indicia of the likely merit of his allegations, and the United States' evidence plainly and adequately refutes his allegations.[17] As the motion, files, and record conclusively show that Defendant is entitled to no relief, Defendant's request for a hearing is denied.

---

[16] Defendant cites *U.S. v. Jolley*, 252 F. App'x 669, 671 (5th Cir. 2007), to support his proposition that cases involving "dueling affidavits" require hearings. In *Jolley*, however, the Fifth Circuit instructed the district court to conduct a hearing because "there [was] no evidence to corroborate" the movant's claim. Here, in contrast, evidence corroborates counsel's affidavit and version of events.

[17] See *U.S. v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981) ("When the files and records of a case make manifest the lack of merit of a Section 2255 claim, the trial court is not required to hold an evidentiary hearing. With regard to resolution of factual issues in a Section 2255 case, this Court has held that contested fact issues ordinarily may not be decided on affidavits alone, *unless* the affidavits are supported by other evidence in the record.") (internal citations omitted) (emphasis added); c.f. *U.S. v. Avila-Gonzalez*, 2018 WL 6720641 (5th Cir. Dec. 20, 2018) (finding, where the movant's testimony was corroborated, where nothing in the record contradicted the allegations, and where defense counsel did not submit any statements, that a hearing was necessary to determine what the movant and his counsel discussed); *Reed*, 719 F.3d at 374 (noting, with respect to the movant's affidavit, that "it is hard to imagine what additional evidence [the movant] could present to establish what his trial counsel told him in a presumably private conversation[,]" and finding that the district court should have held a hearing because the government did not obtain counsel's opposing affidavit ).

**Conclusion**

For the foregoing reasons, Defendant Kevin Honeycutt's Motion to Vacate, Set Aside, or Correct Sentence, [doc. # 222], is **DENIED AND DISMISSED WITH PREJUDICE**. Defendant's Motion to Expand the Record, [doc. # 221], is **DENIED AS MOOT**.

MONROE, LOUISIANA, this 26TH day of December, 2018.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE