# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:15-CR-00058-02** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **KEVIN HONEYCUTT (02)** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM RULING

Pending before the Court is a Motion to Reduce Sentence Pursuant to USSG Amendment 821 [Doc. No. 328] filed by Kevin Honeycutt ("Honeycutt"). A Retroactivity Report [Doc. No. 330] was filed by the United States Probation Office on November 7, 2023. An Opposition [Doc. No. 331] was filed by the United States of America (the "Government") on December 14, 2023. A Memorandum [Doc. No. 332] was filed by Honeycutt on December 17, 2023.

For the reasons set forth herein, Honeycutt's Motion is **DENIED**.

## I. BACKGROUND

On March 26, 2015, Honeycutt was indicted for a drug conspiracy involving methamphetamines pursuant to 18 U.S.C. §§ 841(a)(1),(b)(1)(a), and 846, Possession with Intent to Distribute Methamphetamine pursuant to 18 U.S.C. § 841(a)(1), (b)(1)(A), and Possession of a Firearm by a Convicted Felon pursuant to 18 U.S.C. § 922(g)(1).[1]

After a jury trial, Honeycutt was convicted of all counts.[2] On March 1, 2016, Honeycutt was sentenced to a term of imprisonment of 151 months, supervised release of five (5) years, and was ordered to pay a special assessment of $300.00.[3]

---

[1] [Doc. No. 1]
[2] [Doc. No. 145]
[3] [Doc. No. 175]

Honeycutt appealed his conviction and sentence.[4] On November 21, 2017,[5] Honeycutt's conviction and sentence were affirmed. On November 12, 2018, Honeycutt filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence[6]. The Motion to Vacate was denied on December 26, 2018.[7] Honeycutt appealed the ruling, and the denial of the Motion to Vacate was affirmed on June 8, 2020.[8]

On November 2, 2023, the instant Motion was filed.[9] According to the Retroactivity Report,[10] the guideline range for Honeycutt's sentence was reduced from 151-188 months to 135-168 months.

**II.    LAW AND ANALYSIS**

In Part A of Amendment 821 to the United States Sentencing Commission Guidelines, the Sentencing Commission addressed the "status points" provision regarding criminal history. The amended provision results in a defendant that has seven criminal history points or more receiving one additional status point instead of two. The amended provision also results in a defendant that has six criminal history points or fewer receiving no status points.

In Honeycutt's case, Honeycutt now receives zero status points (instead of two) for a total of three criminal history points. Honeycutt's criminal history category is reduced to II (instead of III), which reduces the guideline range to 135-168 months.

This amendment was made retroactive, but a court may not order the release of a defendant to occur prior to February 1, 2024.[11] In *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme

---

[4] [Doc. No. 177]
[5] [Doc. No. 213]
[6] [Doc. No. 222]
[7] [Doc. No. 256, 257]
[8] [Doc. No. 297]
[9] [Doc. No. 328]
[10] [Doc. No. 330]
[11] USSG 1B1.10(c)(2) (Nov. 1, 2023)

Court of the United States addressed the process for application of a retroactive guideline amendment. The Supreme Court adopted the following two-step analysis:

> (1) determine the defendant's eligibility for sentence modification and determine what amended guideline range would have been applicable to the defendant;
>
> (2) consider any applicable 18 U.S.C. § 3553(a) factors and determine whether the reduction is warranted in whole or in part under the particular circumstances of the case.

*Id*. A court generally may not reduce a defendant's sentence to less than the minimum of the substantiated guideline range.

Applying the Dillon two step analysis, Honeycutt is eligible for the reduction. Honeycutt's guideline range is reduced from 151-188 months to 135-168 months. In evaluating the 18 U.S.C. § 3553(a) factors, additional reduction is not warranted. The original sentence of 151 months is still within the new guideline range. The three charges Honeycutt was convicted of were severe. The co-defendant, Vacarra Rogers ("Rogers") had his girlfriend drive to Dallas to obtain methamphetamine from a supplier and deliver the methamphetamine to Honeycutt's house in Monroe. After executing a search warrant with Honeycutt present, law enforcement found multiple stashes of methamphetamine and two firearms. Honeycutt had a prior conviction for Aggravated Second Degree Battery and was prohibited from possessing firearms.[12]

Honeycutt admitted he knew the girlfriend was going to bring his methamphetamine and that he gave her $5,000.00 to pay for the methamphetamine. A total of 582.71 grams of methamphetamine were found in Honeycutt's residence, along with $800.00 cash, a digital scale, and small plastic bags.[13] Additionally, these crimes were committed while Honeycutt was on probation for his state conviction.

---

[12] [Doc. No. 330 p. 9, ¶ 16]
[13] [Doc. No. 330 p. 10, ¶¶ 19-20]

Honeycutt has had four disciplinary incidents while in custody, which included being absent from call out (2/8/23), phone abuse (8/30/22), fighting with another inmate (3/25/19), and refusing a work assignment (5/13/17). Although some are minor, they show that Honeycutt is less likely = to follow the law when he is released from prison if he cannot follow rules while in prison.

Overall, in applying 18 U.S.C. § 3553(a) factors, including the nature and circumstances of the offenses, the history and characteristics of Honeycutt, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to provide adequate deterrence and to protect the public from further crimes of Defendant, this Court finds Honeycutt is not entitled to further reduction. The Court has also considered the factors set forth in Honeycutt's Sentencing Memorandum, which included Honeycutt's background, incidences of family tragedy, and his use of marijuana and codeine. Honeycutt's original sentence of 151 months, which is in the middle range of Honeycutt's new guideline sentence, is a fair and appropriate sentence.

### III. CONCLUSION

For the reasons set forth herein, Honeycutt's Motion to Reduce [Doc. No. 321] is **DENIED.**

**MONROE, LOUISIANA**, this 18th day of December 2023.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE